**WO**                                      NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF: | No. CV-16-00602-PHX-JJT |
| Albert L. Jacobs, *et al.*, | BK NO. 2:15-bk-15429-EPB |
| Debtors. | BK NO. 2:15-bk-15431-EPB |
| Diana Parker, | |
| Appellant, | **ORDER** |
| v. | |
| Albert L. Jacobs, *et al.*, | |
| Appellees. | |

At issue are Appellees Albert Jacobs LLP and Albert Jacobs, Jr.'s (collectively, "Debtors") Motion to Dismiss Appeal (Doc. 19, MTD), to which Appellant Diana Parker as Executor of the Estate of Gertrude F. Rothschild (collectively, "Rothschild Estate") filed a Response (Doc. 23, Resp.) and Debtors filed a Reply (Doc. 24, Reply); and the Rothschild Estate's Emergency Motion to Expedite Briefing Schedule (Doc. 7), to which Debtors filed a Response (Doc. 20) and the Rothschild Estate filed a Reply (Doc. 22). For the reasons that follow, the Court will deny Debtors' Motion to Dismiss Appeal, grant the Rothschild Estate's Motion to Expedite, and enter a Scheduling Order.

## I.    BACKGROUND

In its appellate capacity, the Court is typically bound to review the evidence on record in the light most favorable to the prevailing party below. *In re Jake's Granite*

1    *Supplies, LLC*, 442 B.R. 694, 698-99 (D. Ariz. 2010). However, that rule only applies
2    when the Court decides the substance of the appeal. Where, as here, the Court rules on a
3    motion to dismiss the appeal, the Court must take all reasonable allegations of material
4    fact as true and construe them in favor of the non-moving party. *Cousins v. Lockyer*, 568
5    F.3d 1063, 1067 (2009).

6         This case arose because Debtors filed for bankruptcy protection and one of their
7    creditors, the Rothschild Estate, sought relief from the automatic bankruptcy stay to
8    litigate claims against the Debtors. The Debtors filed for Chapter 11 bankruptcy relief in
9    December 2015, two days before they were scheduled to go to trial in New York state
10   court in a case brought by the Rothschild Estate against them, after more than five years
11   of pre-trial litigation. (Doc. 15, Opening Br. at 1, 3.) The Rothschild Estate filed motions
12   for relief from the automatic stay with respect to both Debtors. (Doc. 17-1, App. 1 to
13   Opening Br. at 22-23; Doc. 17-2, App. 2 to Opening Br. at 6-7.) The Rothschild Estate
14   argued that the Debtors' legal fees for the trial would be covered by insurance carriers
15   and it would be prejudiced if Debtors did not appear at the scheduled trial—which is still
16   set to proceed against another defendant, Troutman Sanders LLP—and it would later
17   have to conduct a separate trial against the Debtors. (App. 2 to Opening Br. at 11-14.)
18   The Bankruptcy Court denied the Rothschild Estate's motions. (Opening Br. at 1.)

19        The Rothschild Estate appeals from the Bankruptcy Court's Minute Entry Order
20   Denying Creditor's Motion for an Order Granting Relief from the Automatic Stay,
21   entered on February 26, 2016 ("Denial Order"). (App. 2 to Opening Br. at 287.) The
22   Rothschild Estate timely filed its Notice of Appeal on March 7, 2016 (Doc. 2, Notice of
23   Appeal), and Debtors now move to dismiss the appeal.

24   **II.    LEGAL STANDARD**

25        With regard to Debtors' Motion to Dismiss, the Court will only resolve whether
26   the appeal was procedurally proper and taken from a final, appealable Order of the
27   Bankruptcy Court. To the extent the parties argued the merits of the appeal in their briefs,
28   the Court will not address those here.

1    A party may appeal a Bankruptcy Court's Order to the District Court if the Order

2    is final and binding. 28 U.S.C. § 158(a). An appellant may choose between a Bankruptcy

3    Appellate Panel, if one exists in the Circuit, and a District Court to hear its appeal.

4    28 U.S.C. § 158(c). Thus, this Court has appellate jurisdiction to review all final and

5    binding Orders issued by the Bankruptcy Court. In ultimately resolving the substance of

6    the appeal, the Court will review the Bankruptcy Court's conclusions of law *de novo* and

7    its findings of fact under a clearly erroneous standard. *See* Fed R. Bankr. P. 8013;

8    *Wegner v. Murphy (In re Wegner)*, 839 F.2d 533, 536 (9th Cir. 1988) (citing *Pizza of*

9    *Hawaii, Inc. v. Shakey's, Inc.* (*In re Pizza of Hawaii, Inc.*), 761 F.2d 1374, 1377 (9th Cir.

10   1985)).

11   **III.   MOTION TO DISMISS**

12   Debtors ask the Court to dismiss the Rothschild Estate's appeal on the grounds

13   that (1) a denial of relief from the stay is not appealable, (2) an Order denying a motion

14   without prejudice is generally non-final, and (3) an unsigned Minute Entry is not a final

15   appealable Order. (MTD at 2-8.)

16   In the bankruptcy context, courts take a more expansive view in determining

17   whether an Order is final and appealable. *See Comerica Bank v. Red Mountain Mach. Co.*

18   (*In re Red Mountain Mach. Co.*), 471 B.R. 242, 249 (D. Ariz. 2012) (discussing the

19   flexibility of approach to finality in bankruptcy context, emphasizing the need for

20   immediate review); *Sumida & Tsuchiyama, LLLP v. Kotoshirodo* (*In re Kyung Sook*

21   *Kim*), 433 B.R. 763, 772 (D. Haw. 2010) (explaining that in the bankruptcy context, the

22   whole outcome of the case need not be decided for the Order to be final). Under this

23   approach, a Bankruptcy Court Order is considered appealable if it (1) resolves and

24   seriously affects substantive rights, and (2) finally determines the discreet issue to which

25   it is addressed. *In re Bonham*, 229 F.3d 750, 761 (9th Cir. 2000); *In re Red Mountain*,

26   471 B.R. at 249.

27

28

1     **A.      Appealability of Denial of Relief from the Automatic Stay**

2          Orders granting or denying relief from the automatic stay are deemed to be final

3     Orders. *City of Riverside v. Nat'l Envtl. Waste Corp. (In re Nat'l Envtl. Waste Corp.*),

4     129 F.3d 1052, 1054 (9th Cir. 1997). An Order denying and an Order granting relief from

5     a stay are not legally distinct in terms of finality; both are appealable. *Nat'l Envtl. Waste*,

6     129 F.3d at 1054; *Cimarron Investors v. Wyid Props.* (*In re Cimarron Investors*), 848

7     F.2d 974 (9th Cir. 1988); *see also Solidus Networks, Inc. v. Excel Innovations, Inc.* (*In re*

8     *Excel Innovations, Inc.*), BAP No. NC-05-1281-BRyK, 2006 WL 6810980, at *2 (B.A.P.

9     9th Cir. 2006). ***

10         Here, the Denial Order indefinitely prevents the Rothschild Estate from

11    proceeding to trial against Debtors in New York state court. (*See* Opening Br. at 3-4.) As

12    a result, the Rothschild Estate may incur significant additional litigation expenses and

13    may not obtain complete relief for its claims. (*See* Opening Br. at 9-11.) The Denial

14    Order thus resolves and seriously affects Rothschild Estate's substantive rights. Further,

15    because the Denial Order explicitly denied the relief the Rothschild Estate requested—

16    relief from the automatic stay to pursue its claims against Debtors in New York state

17    court—the Order finally determined that discreet issue. The Denial Order is therefore

18    final and appealable.

19         **B.      Finality of Orders Entered Without Prejudice**

20         Debtors argue that because the Denial Order was entered "without prejudice," it is

21    not final and appealable. In similar situations, courts have found to the contrary. *See, e.g.*,

22    *In re Excel Innovations*, 2006 WL 6810980, at *3. Where the circumstances indicate that

23    the Order finally resolves the discreet issue to which it is addressed, it will still be final

24    for purposes of appeal even if the disposition is without prejudice. *Id.* at *2-3. This is so

25    because an Order entered without prejudice still requires the party to re-brief the issue

26    and perform further steps to properly put the issue before the court again. *See Mohring v.*

27    *AVCO Fin. Servs.* (*In re Mohring*), 24 F.3d 247 (B.A.P. 9th Cir. 1994) (concluding that

28    dismissal without prejudice is final and appealable if the litigant chooses to stand on the

dismissal rather than amend or refile). Thus, an Order entered without prejudice may still resolve the issue for appeal.

Here, as a result of the Denial Order, the Rothschild Estate must postpone litigating its state law claims against Debtors unless and until it files another motion to raise the issue. Indeed, the New York state court responded to the Denial Order by severing Debtors from the other defendant in that action and setting the issue for trial with the remaining defendant. Thus, the Denial Order indefinitely prevents the Rothschild Estate from vindicating its claims against Debtors. Whether entered with or without prejudice, the Denial Order is sufficiently final for other courts to take action on it that seriously affect the Rothschild Estate's substantive rights. Therefore, even though entered without prejudice, the Denial Order is final and appealable to this Court.

### C.    Finality of Unsigned Minute Entry

Finally, Debtors argue that an unsigned Minute Entry of the Bankruptcy Court is not a document from which a party may appeal. However, the fact that an Order is in the form of an unsigned Minute Entry does not, by itself, make that Order non-final or non-appealable. *See Slimick v. Silva* (*In Re Slimick*), 928 F.2d 304, 308 (9th Cir. 1990) (noting finality turns on the effect of the ruling); *Key Bar Inv., Inc. v. Cahn* (*In re Cahn*), 188 B.R. 627, 630 (B.A.P. 9th Cir. 1995) (holding a Minute Entry can be final if it fully adjudicates the issues). Finality is determined through a fact-driven analysis of how firmly the Order resolves the discreet issue to which it is addressed. *See Brown v. Wilshire Credit Corp.* (*In re Brown*), 484 F.3d 1116, 1122 (9th Cir. 2007) (noting finality requires clear language or a signal from the trial court that it intended the Order to be final, especially where appeal has strict time limits).

While no bright-line test exists to determine the finality of an unsigned Minute Entry or another type of less-formal disposition of a motion, *see Ingram v. ACandS, Inc.*, 977 F.2d 1332, 1338-39 (9th Cir. 1992), some courts use a four factor test to determine whether an Order qualifies as a judgment. *See* Fed. R. Civ. P. 58; Fed. R. Bankr. P. 9021; *In re Brown*, 484 F.3d at 1123 (Rymer, J., concurring). The test requires that the Order

(1) state that it is an Order, (2) be mailed to counsel, (3) be signed by the clerk who prepared it, and (4) be entered on the docket sheet. *In re Brown*, 484 F.3d at 1123 (Rymer, J., concurring). The primary purpose of these factors is to ensure that all parties fairly receive notice of the decision and are aware that the time for appeal is counting down. *See id.* at 1122.

The Denial Order contains all the information necessary to give the parties notice of the ruling and give way for an appeal. It clearly indicates that the Bankruptcy Court denied Rothschild Estate's motion during the hearing. (*See* App. 2 to Opening Br. at 287.) All parties were present at the hearing and had notice of the Denial Order as a result. (Opening Br. at 3.) Further, the Bankruptcy Court entered the Denial Order into its docketing/electronic filing system, effectively triggering email notice to all parties.

Given the short timelines for bankruptcy appeals, the Court will not dismiss an appeal on account of a procedural deficiency that did not prejudice the parties, such as the fact that the Denial Order was not signed or physically mailed to counsel. Had the Rothschild Estate waited for the Bankruptcy Court to issue another Order before appealing, it may have waived its appeal if the Minute Entry was later ruled to be final. *See In re Brown*, 484 F.3d at 1122 (discussing from which of two entries, a Minute Entry or a formal Order entry, the clock began to run to file an appeal). Therefore, the Court declines to dismiss this appeal on account of the fact that it was taken from an unsigned Minute Entry.

## IV.    MOTION TO EXPEDITE BRIEFING SCHEDULE

In its Motion, the Rothschild Estate has shown good cause for the Court to expedite briefing and consideration of its appeal. (Doc. 7.) The Court also notes that Debtors' filing of the Motion to Dismiss has given the parties an extra month to prepare the briefing on the appeal. Accordingly, the Court will require Debtors to file their Response to the Opening Brief (Doc. 15) by April 29, 2016, and the Rothschild Estate shall file its Reply by May 11, 2016. This Order takes the place of a Scheduling Order in this case.

1    **IT IS THEREFORE ORDERED** denying Debtors' Motion to Dismiss Appeal

2    (Doc. 19).

3    **IT IS FURTHER ORDERED** granting the Rothschild Estate's Emergency

4    Motion to Expedite Briefing Schedule (Doc. 7). Debtors shall file their Response to the

5    Opening Brief (Doc. 15) by April 29, 2016, and the Rothschild Estate shall file its Reply

6    by May 11, 2016. The Court will set any hearing it deems necessary after completion of

7    the briefing of this appeal.

8    Dated this 18th day of April, 2016.

9

10   Honorable John J. Tuchi

11   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28