**WO**                                          NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN THE MATTER OF: | No. CV-16-00602-PHX-JJT |
| Albert L. Jacobs, *et al.*, | BK NO. 2:15-bk-15429-EPB |
| Debtors. | BK NO. 2:15-bk-15431-EPB |

Diana Parker,

Appellant,                    **ORDER**

v.

Albert L. Jacobs, *et al.*,

Appellees.

At issue are the Opening Brief on Appeal (Doc. 15, Opening Br.) filed by Appellant Diana Parker as Executor of the Estate of Gertrude F. Rothschild (collectively, "Rothschild Estate"), to which Appellees Albert Jacobs LLP and Albert Jacobs, Jr. (collectively, "Debtors") filed a Response (Doc. 30, Resp. Br.) and the Rothschild Estate filed a Reply (Doc. 35, Reply); and Proposed Intervenors Troutman Sanders LLP and Attorneys' Liability Assurance Society, Inc.'s Emergency Motion to Intervene in Bankruptcy Appeal (Doc. 37), to which the Rothschild Estate filed a Response (Doc. 45) and Proposed Intervenors filed a Reply (Doc. 47). The Court held a hearing on the pending matters on May 26, 2016. (Doc. 48.)

I.      **Motion to Intervene**

Pursuant to the Court's discussions with Proposed Intervenors at the hearing and the representations they made at that time, the Court denied Proposed Intervenors' Motion to Intervene. Because the adjudication of rights between Debtors and Proposed Intervenors is not before the Court in this appeal, Proposed Intervenors' stake in the appeal is insufficient to warrant intervention.

II.     **Appeal of Bankruptcy Court Order**

This appeal arose after Debtors filed for bankruptcy protection in the United States Bankruptcy Court and one of their creditors, the Rothschild Estate, sought relief from the automatic bankruptcy stay to litigate claims against Debtors. Debtors filed for Chapter 11 bankruptcy relief in December 2015, just two days before they were scheduled to go to trial in New York state court to defend against claims brought by the Rothschild Estate, after more than five years of pre-trial litigation. (Opening Br. at 1, 3.) The Rothschild Estate filed motions for relief from the automatic stay with respect to both Debtors. (Doc. 17-1, App. 1 to Opening Br. at 22-23; Doc. 17-2, App. 2 to Opening Br. at 6-7.) The Rothschild Estate argued that Debtors had the wherewithal to cover their expenses for the trial and it would be prejudiced if Debtors did not appear at the scheduled trial— which is still set to proceed against another defendant, Troutman Sanders LLP—and it would later have to conduct a separate trial against Debtors. (App. 2 to Opening Br. at 12-14.) After examining the evidence of Debtors' financial status and considering the Rothschild Estate's assertion that Debtors' litigation costs may be covered by insurance but it had been unable to conduct discovery on the issue, the Bankruptcy Court denied the Rothschild Estate's motions in a Minute Entry Order entered on February 26, 2016. (Doc. 8-1.)

On March 7, 2016, the Rothschild Estate timely filed its Notice of Appeal of the Bankruptcy Court's Minute Entry Order Denying Creditor's Motion for an Order Granting Relief from the Automatic Stay. (Doc. 2; App. 2 to Opening Br. at 287.)

1  Debtors filed a Motion to Dismiss the Appeal (Doc. 19), which this Court denied
2  (Doc. 25).

3      After it discovered additional information regarding Debtors' ability to cover their
4  legal fees in the New York action by way of insurance, the Rothschild Estate filed a
5  Second Motion for Relief from Automatic Stay in the Bankruptcy Court on April 15,
6  2016, and the Bankruptcy Court held an expedited hearing on April 21, 2016. (Doc. 28-
7  4.) In a written Order dated April 25, 2016, the Bankruptcy Court found that resolution of
8  the Rothschild Estate's stay relief motion turned on the truth of its claim that Debtors had
9  an insurance policy providing for the cost of their legal representation in the New York
10 action. (Doc. 28-5.) Relying on Debtors' sworn statements and the alleged insurer's
11 assertions—including counsel for the alleged insurer's representation that the insurer
12 would "very likely" deny Debtors' claim for coverage—the Bankruptcy Court denied the
13 Rothschild Estate's renewed stay relief motion. (Doc. 28-5; Reply at 7.)

14     On April 28, 2016, the Court granted the Rothschild Estate's motion to
15 supplement the record on appeal with an expert report, insurance policy and
16 supplementary declaration. (Doc. 29.) In conjunction with their Response brief on appeal,
17 Debtors also supplemented the record with its briefs to the Bankruptcy Court and an
18 additional Declaration of Debtor Albert L. Jacobs, Jr. (Resp. at 6.)

19     **A.    Legal Standard**

20     In its appellate capacity, this Court reviews the Bankruptcy Court's factual
21 findings for clear error and legal conclusions *de novo. Wegner v. Murphy (In re Wegner)*,
22 839 F.2d 533, 536 (9th Cir. 1988). Under the clearly erroneous standard, the Court
23 accepts the Bankruptcy Court's findings of fact unless the Court "on the entire evidence
24 is left with the definite and firm conviction that a mistake has been committed" by the
25 bankruptcy judge. *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). The appellee
26 does not have the burden to persuade the Court that the Bankruptcy Court's findings were
27 correct, but rather the appellant "must persuade this Court that such findings are, as
28 claimed by [appellant], clearly erroneous." *Purer & Co. v. Aktiebolaget Addo*, 410 F.2d

871, 878 (9th Cir. 1969). "This court must view the evidence in the light most favorable to the parties who prevailed below. Such parties must be given the benefit of all inferences that may reasonably be drawn from the evidence." *Id.*

## B. Substantial Evidence Supports Bankruptcy Court's Decision

A court may grant relief from the automatic bankruptcy stay "for cause." 11 U.S.C. § 362(d)(1). While courts evaluate a number of non-exclusive factors to determine if cause exists to permit litigation involving a debtor to proceed in another forum, *Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004), the Bankruptcy Court found— and this Court agrees—that the question whether the Rothschild Estate is entitled to relief from the automatic bankruptcy stay turns on whether Debtors have the resources for competent legal representation in the New York action. The Bankruptcy Court relied on the sworn statements and schedules of Debtors to conclude that they do not have such means. While the Court finds merit in the Rothschild Estate's question regarding how Debtors have the means to pay their legal costs in the bankruptcy action but not the New York action, the Court cannot conclude that the Bankruptcy Court clearly erred in making its finding in light of the evidence Debtors provided as to their lack of means. In other words, to answer the narrow question before this Court on appeal, Debtors' evidence was sufficiently substantial to support the Bankruptcy Court's decision.

The Court allowed the Rothschild Estate to provide supplemental evidence— which was only considered by the Bankruptcy Court after the Rothschild Estate filed its notice of appeal—to try to show that the cost of Debtors' defense in the New York action is covered at least in part by an insurance policy. Debtors oppose the Court's consideration of that evidence because the Rothschild Estate did not timely appeal the Bankruptcy Court's later decision on this issue, even though this Court granted the Rothschild Estate's motion to supplement and, as a result, both parties took the opportunity to supplement the record on appeal. In any event, the Court's consideration of that evidence does not change the outcome of the appeal. While the Rothschild

Estate's evidence indicates some possibility that Debtors' defense would be covered, at least in part, by an insurance policy, Debtors produced evidence by way of Mr. Jacobs' Declaration of a lack of insurance, and counsel for the alleged insurer averred to Bankruptcy Judge Ballinger that the insurer would "very likely" deny any insurance claim by Debtors. The evidence was sufficiently substantial to support the Bankruptcy Court's finding that Debtors lacked means for a legal defense in the New York action, and thus this Court may not disturb that finding on appeal.

The Court notes that the Rothschild Estate's claims are not extinguished and will be litigated before the Bankruptcy Court. But the charge of the Bankruptcy Court is to balance the interests of Debtors and all of their Creditors. *See In re Mense*, 509 B.R. 269, 276-77 (Bankr. C.D. Cal. 2014). Here, the Court finds that the Bankruptcy Court did not err in finding insufficient cause to grant the Rothschild Estate relief from the automatic stay on claims against Debtors.

**IT IS THEREFORE ORDERED** denying Proposed Intervenors Troutman Sanders LLP and Attorneys' Liability Assurance Society, Inc.'s Motion to Intervene (Doc. 37).

**IT IS FURTHER ORDERED** affirming the United States Bankruptcy Court's February 26, 2016 Order denying Appellant Rothschild Estate's Motion for an Order Granting Relief from the Automatic Stay.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 10th day of June, 2016.

Honorable John J. Tuchi
United States District Judge